**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JS FREIGHT LLC, | Case No. 1:24-cv-00430-JLT-BAM |
| Plaintiff, | ORDER *SUA SPOTE* DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION |
| v. | |
| SNOW JOE LLC, | (Doc. 1) |
| Defendant. | |

JS Freight LLC filed the instant Complaint against Snow Joe LLC, alleging only a breach of contract claim for Defendant's alleged failure to pay for Plaintiff's completed shipping services. (Doc. 1 at 2–3.) The Court, however, must *sua sponte* **DISMISS** this action **WITHOUT PREJUDICE** for Plaintiff's failure to properly invoke the Court's diversity jurisdiction.

A.   Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction"—here, the plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citations

1  omitted); *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022) (same).  It is well-established that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Foster v. Chatman*, 578 U.S. 488, 496 (2016) (internal quotation marks and citation omitted); *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 759 (9th Cir. 2023).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In its Complaint, Plaintiff alleges that it is "a corporation organizing and existing under the laws of the State of California," and that Defendant is "a corporation organizing and existing under the laws of the State of New Jersey."  (Doc. 1 at ¶¶ 1–2.)  Plaintiff states that jurisdiction in this case is premised on both 28 U.S.C. §§ 1331 and 1332, represents that the Court has federal question jurisdiction "and [that] the parties are domiciled in. different states," with Defendant domiciled in New Jersey, and Plaintiff domiciled in California.  (*Id.* at ¶ 4.)

As an initial matter, the Court lacks federal question jurisdiction in this case, as Plaintiff has only brought *one* single claim for breach of contract, which sounds in state law, *not* federal law.  (*Id.* at 14–15); *e.g.*, *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1197 (9th Cir. 2018).  To invoke this Court's federal question jurisdiction, Plaintiff must satisfy the "well-pleaded complaint rule," which states that "for a court to be able to exercise its statutorily conferred federal-question jurisdiction, a federal question must appear on the face of the complaint."  *United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1028 (9th Cir. 2023) (cleaned up) (internal quotation marks and citation omitted).  This is satisfied by pleading—on the face of a plaintiff's complaint—a federal statute, regulation, or other federal law.  *Id.*; *see also Saul-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185 (9th Cir. 2022) (requiring that "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotation marks and citation omitted).  As that is absent in this case, Plaintiff cannot successfully invoke the Court's federal question jurisdiction, leaving diversity jurisdiction as the only possible alternative.

Title 28 U.S.C. § 1332(a) sets forth the requirements to invoke the Court's diversity

jurisdiction. 28 U.S.C. § 1332(a). The parties must be "citizens of different States" and "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." *Id.* § (a)(1). For purposes of assessing diversity jurisdiction, "[a] limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (internal quotation marks and citation omitted); *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (same).

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 884 F.3d 832, 840 (9th Cir. 2016) (internal quotation marks and citation omitted). "[T]he essential elements of diversity jurisdiction must be affirmatively alleged in the pleadings." *Id.* (cleaned up) (internal quotation marks and citation omitted). As Plaintiff has failed to correctly plead the citizenship of both parties—which are LLCs—the Court has no alternative but to *sua sponte* **DISMISS WITHOUT PREJUDICE** Plaintiff's instant Complaint (Doc. 1). Fed. R. Civ. P. 12(h)(3).

B. <u>Leave to Amend Complaint</u>

Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). In determining whether a plaintiff should be granted leave to amend, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020) (internal quotation marks and citation omitted). Generally, Rule 15 advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1160 (9th Cir. 2021) (internal quotation marks and citation omitted).

As none of the factors are present for denying leave to amend, the Court determines that Plaintiff should be granted leave to file a first amended complaint to adequately plead the basis for this Court's subject-matter jurisdiction. Namely, the Court grants Plaintiff leave to amend its

Complaint to properly plead (1) the correct type of subject-matter jurisdiction invoked in this case, and (2) if the Court's diversity jurisdiction is invoked, then the correct citizenship of both LLC-parties in this case.

## CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1) The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

(2) **Within 21 days**, Plaintiff may file an amended complaint or a notice of dismissal. Failure to timely file either document will result in dismissal of its case with prejudice pursuant to Rule 41(b)[1].

IT IS SO ORDERED.

Dated:   **April 17, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] See *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063–1065 (9th Cir. 2004) (stating that a plaintiff's failure to take any action in response to a court's ultimatum to the plaintiff to either amend their complaint or indicate to the court that it will not do so "is properly met with the sanction of a Rule 41(b) dismissal").