UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JS FREIGHT LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>SNOW JOE LLC,<br><br>              Defendant. | Case No.  1:24-cv-00430-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 20)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Currently pending before the Court is Plaintiff JS Freight LLC's motion for default judgment against Defendant Snow Joe LLC.  (Doc. 20.)  The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendants did not file an opposition to the motion, and the time in which to do so has passed.   L.R. 230(c) ("Opposition . . . to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed".)

Having considered the moving papers, supplemental briefing, and the record in this action, and for the reasons that follow, the Court RECOMMENDS that Plaintiff's motion for default judgment be denied.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

On April 10, 2024, Plaintiff filed this action alleging a breach of contract by Defendant due to Defendant's failure to fully pay for the services rendered by Plaintiff. (Doc. 1.)  On April 17, 2024, District Judge Jennifer L. Thurston issued an order dismissing the matter without

1

1    prejudice due to lack of subject matter jurisdiction and permitting Plaintiff to file an amended

2    complaint.  (Doc. 4.)  Plaintiff filed its First Amended Complaint on May 8, 2024.  (Doc. 5.)

3          On July 9, 2024, Plaintiff filed a proof of service stating that Defendant Snow Joe LLC

4    was served on July 2, 2024.  (Doc. 9.)  On July 10, 2024, the Court convened a status conference

5    to address service of process. Plaintiff's counsel noted that Plaintiff had filed a proof of service

6    on July 9, 2024, which showed personal service upon Defendant Snow Joe LLC by personal

7    service upon Joseph Cohen.  (Doc. 11.)  At the hearing, Plaintiff's counsel stated that Joseph

8    Cohen was the agent for service of process for Defendant Snow Joe LLC. (*Id.*)  On September 5,

9    2024, default was entered against Defendant Snow Joe LLC.  (Doc. 15.)

10         On November 18, 2024, Plaintiff filed a Motion for Default Judgment. (Doc. 18.)  The

11   Court issued a minute order noting that the motion did not comply with Federal Rule of Civil

12   Procedure 55(b)(1) for entry of default judgment by the Clerk, nor did it comply with Rule

13   55(b)(2) for entry of default judgment by the Court.  (Doc. 19.)  The Court further directed

14   Plaintiff to file an amended motion for default judgment that complied with Rule 55(b).  (*Id.*)

15   Plaintiff subsequently filed a motion for default judgment on November 26, 2024.  (Doc. 20.)

16   **II.    LEGAL STANDARD**

17         Federal Rule of Civil Procedure 55(b)(1) outlines the circumstances under which the clerk

18   of the court may enter default judgment.  "If the plaintiff's claim is for a sum certain or a sum that

19   can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit

20   showing the amount due--must enter judgment for that amount and costs against a defendant who

21   has been defaulted for not appearing and who is neither a minor nor an incompetent person."

22   Fed. R. Civ. P. 55(b)(1).  Federal Rule of Civil Procedure 55(b)(2) states that in "all other cases,

23   the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "The court

24   may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--

25   when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the

26   amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any

27   other matter."  *Id.*  "Upon default, the well-pleaded allegations of a complaint relating to liability

28   are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319,

1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

### III.   DISCUSSION

First, Plaintiff's motion for default judgment does not meet the requirements of Rule 55(b)(1).  Plaintiff's motion "requests that judgment by default be entered for the relief requested in Plaintiff's complaint on file in this case" and states "All parts of the Plaintiff's claim is liquidated and proved by an instrument in writing."  (Doc. 20 at 2.)  However, the supporting affidavit only includes information regarding service of the complaint, Defendant's time to respond, and Defendant's status as neither a minor nor incompetent person.  (*Id.* at 3-4.)  To the extent that Plaintiff seeks "for a sum certain or a sum that can be made certain by computation" by the clerk of court under Rule 55(b)(1), Plaintiff has not included the requisite "affidavit showing the amount due" that the Rule requires. Fed. R. Civ. P. 55(b)(1).  Plaintiff is therefore not entitled to default judgment under Rule 55(b)(1).

Further, the Court finds that default judgment by the Clerk is not appropriate in this case. While the first amended complaint seeks a "sum certain," such sum is calculable only by reference to voluminous legal documents, without any monetary value, attached to the complaint. (*See* Doc. 5.)  Such calculations are beyond the ministerial functions of the Clerk.  In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the "amount to which a plaintiff is entitled as a result of the defendant's default."  *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 928-29 (9th Cir. 2004).  Given these circumstances, the appropriate Rule 55 method for a default judgment is to apply to the Court pursuant to Rule 55(b)(2).

Second, to the extent that Plaintiff is applying to the Court for a default judgment, Plaintiff addresses none of the *Eitel* factors, solely including a supporting affidavit which states: the date of service, that Defendant's time to respond has expired, and that Defendant is neither a minor nor an incompetent person. (Doc. 20 at 4.) As the Court typically utilizes the *Eitel* factors in its analysis of motions for default judgment, the failure by the party seeking default judgment to address them weighs against granting Plaintiff's motion for default judgment. Plaintiff is therefore not entitled to default judgment under Rule 55(b)(2).

As Plaintiff's motion for default judgment again does not comply with the requirements of Federal Rule of Civil Procedure 55, the Court will recommend denying Plaintiff's motion for default judgment.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for default judgment (Doc. 20) be denied without prejudice. Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendant at Defendant's last known address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 11, 2024**      /s/ *Barbara A. McAuliffe*  
                                                                     UNITED STATES MAGISTRATE JUDGE