McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
David L. Emerzian, #222930
  *david.emerzian@mccormickbarstow.com*
Garrett J. Wade, #340285
  *garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Plaintiff, JS FREIGHT LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JS FREIGHT LLC,<br><br>Plaintiff,<br><br>v.<br><br>SNOW JOE LLC, and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 1:24-cv-00430-JLT-BAM<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        August 1, 2025<br>Time:        9:00 a.m.<br>Location:    Courtroom 8, 6th Floor<br>                2500 Tulare Street<br>                Fresno, CA 93721<br><br>Judge:      Hon. Barbara A. McAuliffe |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on August 1, 2025 at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8 of the above-captioned Court, located at the Robert E. Coyle United States Courthouse at 2500 Tulare Street, Sixth Floor, Fresno, California 93721, Plaintiff JS FREIGHT LLC ("**JS Freight**") will and hereby does move (this "**Motion**") the Court pursuant to Fed. R. Civ. P. ("**Rule**") 55(b)(2) and Local Rule ("**L.R.**") 302(b)(19) for an order granting a default judgment in its favor against Defendant SNOW JOE LLC ("**Snow Joe**").

By this motion, JS Freight seeks entry of (1) an order holding that JS Freight and Snow Joe entered into an agreement by which JS Freight would ship products for Snow Joe, JS Freight

1  performed its obligations under such agreement, Snow Joe breached such agreement by failing to

2  pay JS Freight the full amount for services performed under such agreement, and JS Freight was

3  damaged by Snow Joe's breach of such agreement in the amount of $75,569.00 plus pre-judgment

4  interest; (2) judgment against Snow Joe for breach of contract; and (3) such other and further relief

5  as the Court may deem appropriate and necessary under the circumstances.

6          This Motion is based on this Motion, the attached Memorandum of Points and Authorities

7  in support of the Motion, the concurrently filed *Declaration of Vishal Lal* ("**Lal Decl.**") and

8  *Declaration of Garrett J. Wade* ("**Wade Decl.**"), and the *Request for Judicial Notice* ("**RJN**"), each

9  in support of the Motion, and all other papers, pleadings, and oral arguments submitted at or before

10  the time of the hearing on this Motion.

11          WHEREFORE, Plaintiff JS Freight respectfully prays for judgment as follows:

12          1.      For judgment in favor of Plaintiff JS Freight and against Defendant Snow Joe in the

13  amount of $75,569.00 plus prejudgment interest; and

14          2.      For such other and further relief as the Court may deem appropriate and necessary

15  under the circumstances.

16          Respectfully submitted,

17  Dated:  June 26, 2025                            McCORMICK, BARSTOW, SHEPPARD,
                                                     WAYTE & CARRUTH LLP
18

19
                                          By:  _____
20                                                   David L. Emerzian
21                                                   Garrett J. Wade
                                                     Attorneys for Plaintiff,
22                                                   JS FREIGHT LLC

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**TABLE OF CONTENTS**

3

<span style="float:right">**Page**</span>

4

I. INTRODUCTION ............................................................................................................1

5

II. FACTUAL BACKGROUND ........................................................................................1

6

      A.     JS Freight's and Snow Joe's Agreement, Breach of Agreement, and Pre-

7

           Litigation Efforts to Resolve This Dispute .................................................1

           1.     The Parties.........................................................................................1

8

           2.     JS Freight and Snow Joe Entered into an Agreement.....................2

9

           3.     JS Freight Performs Under the Agreement......................................2

10

           4.     Snow Joe Failed to Perform Under the Agreement ........................3

11

           5.     JS Freight Has Been Damaged by Snow Joe's Breach of the

12

                Agreement ........................................................................................4

13

      B.     Procedural History of this Lawsuit ..............................................................5

14

           1.     Complaint and First Amended Complaint ......................................5

15

           2.     Entry of Default................................................................................5

16

           3.     Subsequent Developments ...............................................................5

17

III. LAW AND ARGUMENT ...........................................................................................5

18

      A.     Legal Standard ..............................................................................................6

19

      B.     The *Eitel* Factors Support Entry of Default Judgment Against Snow Joe and

20

           in Favor of JS Freight...................................................................................7

           1.     *Eitel* Factor 1: JS Freight Will Be Prejudiced If The Court Declines

21

                To Enter Judgment on Snow Joe's Default.....................................7

22

           2.     *Eitel* Factors 2 & 3: JS Freight's Hold Substantive Merit as Expressed

23

                in the First Amended Complaint ....................................................8

                a.     **The Complaint Establishes That Jurisdiction and Venue**

24

                      **are Proper** ............................................................................8

25

                b.     **The Complaint Establishes Breach of Contract**...........................9

26

                      (i)     *Snow Joe and JS Freight Entered Into a Contract* ............9

27

                      (ii)    *JS Freight Performed Under the Contract* ........................11

28

                      (iii)   *Snow Joe Failed to Perform Under the Contract* .............12

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

3.    *Eitel* Factor 4: The Complaint Seeks Damages.............................................12

4.    *Eitel* Factor 5: The Material Facts Are Undisputed ....................................13

5.    *Eitel* Factor 6: Snow Joe Has Had Ample Opportunity To Defend Itself But Failed To Do So ............................................................................13

6.    *Eitel* Factor 6: Federal Policy Favoring Decisions on the Merits Do Not Weigh Against Entry of Default Judgment Here ..................................14

C.    Plaintiff is Entitled to Pre-Judgment Interest ............................................................15

1.    Under Civ. Code § 3287(a), Plaintiff is Entitled to Prejudgment Interest on Invoices 1-8 as of the Date the Invoices Became Past Due .........................................................................................................................15

2.    Under Civ. Code § 3287(b), this Court Has Discretion to Award Prejudgment Interest on Invoice 204/206 as of the Date This Action Was Filed. ..................................................................................................16

3.    Prejudgment Interest Calculation ...............................................................17

IV. CONCLUSION..............................................................................................................19

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iii

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1  **<u>Federal Cases</u>**

2  *Adobe Systems Incorporated v. Kern,*
       2009 WL 5218005 *7 (N.D. Cal 2009) ..................................................6, 14

3

   *Alan Neuman Productions, Inc. v. Albright,*
4       862 F.2d 1388, 1392–93 (9th Cir. 1988).................................................8

5  *Ameris Bank v. Soorma Trucking LLC,*
       No. 8:24-CV-02021 RGK (JDEX), 2025 WL 71081 (C.D. Cal. Jan. 8, 2025) ............18

6
   *A-Transport Northwest Co. v. United States,*
7       36 F.3d 1576 (Fed. Cir. 1994).............................................................12

8  *Baker v. Garden Grove Med. Inv'rs, Ltd.,*
       306 F. App'x 393 (9th Cir. 2009) ........................................................16

9
   *Brooks v. United States,*
10      162 F.3d 1167 (9th Cir. 1998)..............................................................6

11 *Brooks v. United States,*
       29 F. Supp. 2d 613 (N.D. Cal. 1998) .....................................................6

12
   *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.,*
13      213 F.3d 474 (9th Cir. 2000)...............................................................12

14 *Citicorp Real Estate, Inc. v. Smith,*
       155 F.3d 1097 (9th Cir. 1998).............................................................15

15
   *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,*
16      722 F.2d 1319 (7th Cir. 1983)..............................................................7

17 *Eitel v. McCool,*
       782 F.2d 1470 (9th Cir. 1986).................................................5, 7, 8, 13, 14

18
   *Elektra Entm't Grp. Inc. v. Crawford,*
19      226 F.R.D. 388 (C.D. Cal. 2005) .......................................................7, 13

20 *Forouzan v. BMW of N. Am., LLC,*
       No. CV-1-73875-DMG-GJSX, 2019 WL 856395 (C.D. Cal. Jan. 11, 2019).............17

21
   *Golden State Transit Corp. v. City of Los Angeles,*
22      773 F. Supp. 204 (C.D. Cal. 1991) ......................................................18

23 *Harrell v. Cal. State University,*
       745 F.Supp.3d 922 (N.D. Cal. 2024) .....................................................9

24
   *In re McGee,*
25      359 B.R. 764, 771 (B.A.P. 9th Cir. 2006).................................................8

26 *In re SK Foods, LP,*
       499 B.R. 809 (Bankr. E.D. Cal. 2013) ...................................................8

27
   *Int'l Shoe Co. v. Washington,*
28      326 U.S. 310 (1945)........................................................................9

McCORMICK, BARSTOW
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iv

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

*Levi Strauss & Co. v. Toyo Enter. Co.*,
  665 F. Supp. 2d 1084 (N.D. Cal. 2009) ...........................................................................7, 13

*Maxum Indemnity Co. v. Court Services, Inc.*,
  No.2:11-cv-2014-GEB-EFB, 2012 WL 2090473, at *2 (E.D. Cal. June 8, 2012) ................7, 13

*NewGen, LLC v. Safe Cig, LLC*,
  840 F.3d 606, 614 (9th Cir. 2016)...........................................................................................8

*Pay Less Drug Stores*, 92 Cal.App.3d at 501.................................................................................17

*Penpower Tech. Ltd. v. S.P.C. Tech.*,
  627 F. Supp. 2d 1083 (N.D. Cal. 2008) ...................................................................................7

*PepsiCo, Inc. v. Cal. Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ...................................................................................7

*Philip Morris USA, Inc. v. Castworld Products, Inc.*,
  219 F.R.D. 494, 498 (C.D. Cal. 2003) .....................................................................................7

*S. Pac. Transp. Co. v. Com. Metals Co.*,
  456 U.S. 336 (1982)...............................................................................................................12

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.d 797 (9th Cir. 2004)......................................................................................................9

*State Farm Life Ins. Co. v. Canul*,
  2012 U.S. Dist. 50313, *4 (E.D. Cal. 2012) ..........................................................................14

*Taylor v. City of Ballwin, Mo.*,
  859 F.2d 1330, 1333 n. 7 (8th Cir. 1988)................................................................................8

*Televideo Sys., Inc. v. Heidenthal*,
  826 F.2d 915 (9th Cir. 1987).................................................................................................7, 8

*Velasco v. Mis Amigos Meat Market, Inc.*,
  2013 WL 5755054, at *11 (E.D. Cal. 2013) ..........................................................................14

*W. Pac. Fisheries*,
  730 F.2d 1280, 1288 (9th Cir. 1984).......................................................................................18

*Wells Fargo Bank, N.A. v. Darmont Constr. Corp.*,
  No. 22:0-CV10013-VAP-PDX, 2021 WL 5862170 (C.D. Cal. July 29, 2021) ........................13

*Zagarian v. BMW of N. Am.*,
  442 F. Supp. 3d 1216 (C.D. Cal. 2020) ............................................................................15, 17

**State Cases**

*A&M Produce Co. v. FMC Corp.*,
  135 Cal.App.3d 473 (1982)....................................................................................................17

*Aton Ctr. Inc. v. United Healthcare Ins. Co.*,
  93 Cal.App.5th 1214, 1230 (2023) ...........................................................................................9

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

*Bustamante v. Intuit, Inc.*,
    141 Cal.App.4th 199 (2006) ...................................................................................10

*Children's Hosp. v. Bonta*, 97 Cal.App.4th 740 (2002)..................................................16

*Duale v. Mercedes-Benz USA, LLC*,
    148 Cal.App.4th 718 (2007) ...................................................................................16

*Fireman's Fund Ins. Co. v. Allstate Ins. Co.*,
    234 Cal.App.3d 1154 (1991).....................................................................................16

*Pacific Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*,
    12 Cal.App.5th 200 (2017) ......................................................................................10

*Pay Less Drug Stores v. Bechdolt*,
    92 Cal.App.3d 496, 501 (1979)................................................................................13

*Stockton Mortg., Inc. v. Tope*,
    233 Cal.App.4th 437 (2014) ......................................................................................9

*Yari v. Producers Guild of America, Inc.*,
    161 Cal.App.4th 172 (2008) ......................................................................................9

**Federal Statutes**

28 U.S.C. § 1961 .............................................................................................................18

**State Statutes**

Civ. Code § 1550 ............................................................................................................10

Civ. Code § 1621 ..............................................................................................................9

Civ. Code § 3287 ......................................................................................................15, 16

Civ. Code § 3289 ............................................................................................................18

**Federal Rules**

Fed. R. Civ. P. 55 ..........................................................................................................5, 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO  CA 93720

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

# I.
# INTRODUCTION

Plaintiff JS FREIGHT ("**JS Freight**") hereby submits the following memorandum of points and authorities in support of Plaintiff's motion for entry of default judgment ("**Motion**")[1] against Defendant SNOW JOE LLC ("**Snow Joe**").

This is a straightforward breach of contract case. The issues before the Court are (1) whether JS Freight and Snow Joe entered into an agreement by which JS Freight would ship products for Snow Joe; (2) whether JS Freight performed its obligations under such agreement; (3) whether Snow Joe breached its obligations under such agreement; and (4) whether JS Freight was damaged as a result of Snow Joe's breach. Following this Court's determination on the foregoing, the next issues are (i) whether JS Freight is entitled to entry of a default judgment in its favor against Snow Joe for Snow Joe's breach of its agreement with JS Freight; (ii) whether JS Freight is entitled to prejudgment interest and if so, the amount of such interest; and (iii) whether JS Freight is entitled to costs of suit.

# II.
# FACTUAL BACKGROUND

## A.     JS Freight's and Snow Joe's Agreement, Breach of Agreement, and Pre-Litigation Efforts to Resolve This Dispute

### 1.     The Parties

Plaintiff JS Freight is a limited liability company incorporated in California on or around June 26, 2018 with its principal place of business in Fresno, California, and is registered with the U.S. Department of Transportation to broker transportation services. Lal Decl. ¶ 2; RJN Exhs. 1, 2. Defendant Snow Joe is a limited liability company organized in New York with its principal place of business in Hoboken, New Jersey. RJN Exh. 3; Lal Decl. ¶ 3. Snow Joe engages in business with and ships its products to customers located across the United States, including California. *Ibid.*

---

[1] The Motion is supported by the *Declaration of Vishal Lal* ("**Lal Decl.**"), the *Declaration of Garrett J. Wade* ("**Wade Decl.**"), and the *Request for Judicial Notice* ("**RJN**") filed concurrently herewith.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

## 2.    JS Freight and Snow Joe Entered into an Agreement

On or about August 30, 2023, JS Freight and Snow Joe engaged in a routine sales call to discuss JS Freight's driving routes and rates for the purpose of engaging JS Freight to broker shipping and transport of Snow Joe's products. *Id.* ¶ 4; Lal Decl. Exh. 1 at 1-2; FAC ¶ 6. Following that call, JS Freight sent a follow-up email to Snow Joe attaching JS Freight's company packet and providing contact information should Show Joe wish to engage JS Freight as a broker for such services in the future. *Ibid.*; Lal Decl. ¶ 5.

On or about September 15, 2023, Snow Joe and JS Freight engaged in another phone call and orally agreed to use JS Freight as a broker for carrier services, which Snow Joe's General Warehouse Manager confirmed in writing via email on September 18, 2025. *Ibid.*, Lal Decl. Exh. 1 at 1 (directing Snow Joe's Accounts Payable team to "[p]lease add JS Freight as a carrier."). Snow Joe's General Warehouse Manager and JS Freight's Senior Account Manager were both parties capable of contracting on behalf of their respective employees. Lal Decl. ¶ 5. Both mutually agreed that JS Freight would provide such services to Snow Joe in their September 15, 2023 phone call, which was confirmed in writing by Snow Joe's General Warehouse Manager that same day. *Ibid.*

## 3.    JS Freight Performs Under the Agreement

Over the next several months, (1) Snow Joe sent JS Freight numerous requests for quotes; (2) JS Freight provided quotes in response; (3) Snow Joe accepted eighty-three (83) of those quotes and arranged for JS Freight's carriers to pick up, transport, and deliver its products; and (4) JS Freight's carriers picked up those products and transported and delivered them as agreed. *Id.* ¶¶ 6-7; *see also*, Lal Decl. Exh. 2. Snow Joe issued a BOL for each of these deliveries, which are attached to the FAC as Exhibits 1 through 83. Lal Decl. ¶¶ 6-7; *see also*, FAC Exhs. 1 through 83.

Following completion of those deliveries, JS Freight generated and issued invoices to Snow Joe, which generally required payment within 30 days of issuance.[2] Lal Decl. ¶¶ 7-8; Lal Decl. Exhs. 3 to 11. On September 28, 2023, Snow Joe's Accounts Payable team and JS Freight confirmed in

---

[2] Invoice 204/206 was not a net-30 invoice and instead required payment "ASAP." Lal Decl. ¶ 8; Exh. 3.

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  writing the net-30 terms outlined used by Invoices 1 to 8. Lal Decl. ¶ 8; Lal Decl. Exh. 12. The first

2  net-30 invoice was due and payable by November 5, 2023.

3      In total, between August and December 2023, JS Freight brokered shipping and transport

4  services for Snow Joe totaling $89,569.00. Lal Decl. ¶¶ 8-9; Lal Decl. Exh. 13.

5      **4.    Snow Joe Failed to Perform Under the Agreement**

6      Snow Joe failed to perform its obligations under the agreement. JS Freight's first invoice

7  (Invoice 204/206) required payment as soon possible, and each subsequent invoice required net-30

8  payment terms. Lal Decl. ¶ 9. In November 2023, Snow Joe's first four net-30 invoice became due

9  and payable. Having not received payment by mid-November, JS Freight contacted Snow Joe's staff

10 on November 24, 2023. Lal Decl. ¶ 12. Snow Joe's staff responded that "they [the Accounts Payable

11 team] just told me about 10 minutes ago that they made a payment" and someone "from accounting

12 should be reaching out to you with a copy of the check momentarily." Lal Decl. ¶ 12; Exh. 16 at 2.

13 However, JS Freight was then informed that only $7,000 of the then-outstanding $33,150.00 in

14 outstanding invoices would be paid. *Ibid.* Following further inquiry from JS Freight about why the

15 full outstanding balance would not be paid, Snow Joe's staff indicated that they "don't have any

16 additional info. That's all decided by accounting. I'll push up to my boss." *Ibid.*, Exh. 16 at 5.

17     The following Monday, November 27, 2023, JS Freight again reached out to Snow Joe to

18 inquire about the past due payments owed to JS Freight. Lal Decl. ¶ 13; Exh. 16 at 6-7. However,

19 Snow Joe's staff indicated that they had not heard anything new and promised again to "push" it up

20 the chain of command. *Id.* at 8. Snow Joe's staff then requested the total open balance. *Id.* at 9. JS

21 Freight responded that the then-open balance was $33,150.00 for four past due invoices (Invoices

22 1-4) with an additional $26,325.00 coming due in early December (Invoices 5-6).[3] Lal Decl. ¶ 13,

23 Exh. 16 at 11. Copies of those invoices were attached. *Ibid.*; *see also*, Lal Decl. Exhs. 4 to 9. In

24 response, Snow Joe's staff sought to clarify whether that total included the $7,000 payment, to which

25 JS Freight clarified that it had not yet received $7,000 or any other payment for the past due invoices.

26

27 ---
   [3] Though not mentioned, $4,594.00 was also due for Invoice 204/206 "as soon as possible." *Cf.* Lal
28 Decl. ¶ 8 Exhs. 3, 12.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1   Lal Decl. ¶ 14. Thereafter, on November 30, 2025, Snow Joe made one partial payment to JS Freight

2   for Invoice 1 in the amount of $14,000, leaving a then-remaining past due balance of $19,150.00

3   for Invoice 1-4, with additional balances of $3,975.00 and $22,350.00 for Invoices 5 and 6 coming

4   due and payable on December 3 and December 10, 2023, respectively, plus $13,150.00 due on

5   Invoice 7 on December 30, 2023, and $4,594.00 due on Invoice 204/206 as soon as possible. Lal

6   Decl. ¶¶ 8, 13.

7        Following Snow Joe's partial payment, it continued solicit JS Freight's brokering services

8   to ship and transport its goods and even attempted to increase the volume of such services to a rate

9   of 12 loads per day. Lal Decl. ¶ 16. JS Freight continued to provide such services with the good

10  faith belief that Snow Joe would eventually pay its past due invoices. *Ibid.* However, after Invoice

11  6 became due and payable on December 10, 2023 and JS Freight issued Invoice 8 on December 13,

12  2023, it became apparent that Snow Joe had no intention of paying JS Freight the full balance due

13  on its past due and coming due invoices. Lal Decl. ¶ 17. Accordingly, JS Freight notified Snow Joe

14  that it would not continue brokering services for shipping and transport services for Snow Joe unless

15  it immediately made payments on Invoice 204/206, the remaining balance on Invoice 1, and the full

16  balances past due and owing on Invoices 2-6. *Ibid.* Snow Joe did not respond to further requests for

17  payments, resulting in JS Freight terminating further services for Snow Joe. Lal Decl. ¶ 18.

18        **5.    JS Freight Has Been Damaged by Snow Joe's Breach of the Agreement**

19        In total, JS Freight was not paid $75,569.00 for invoices issued for brokering shipping and

20  transport services. Lal Decl. ¶ 19. Despite not receiving these payments, JS Freight was still required

21  to pay its carriers, which forced JS Freight to open a line of credit at a relatively large interest rate

22  to cover its cost of services performed for the benefit of Snow Joe. Lal Decl. ¶ 20. In total, JS Freight

23  was forced to incur debt now totaling approximately $76,000 with eighteen percent (18%) interest

24  per annum. Lal Decl. ¶ 20. In addition, JS Freight has incurred attorneys' fees and other costs of suit

25  to enforce its contract with Snow Joe.

26        Despite repeated requests for payment, Snow Joe never made any additional payments to JS

27  Freight for the services JS Freight performed between August and December 2023, which

28  necessitated the filing of the instant action. Lal Decl. ¶ 21.

McCormick, Barstow
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

**B.** **Procedural History of this Lawsuit**

      **1.** **Complaint and First Amended Complaint**

JS Freight initiated this action by filing a *Complaint for Breach of Contract* ("**Complaint**") on April 10, 2024. ECF 1. On April 17, 2024, the Court *sua sponte* issued an order dismissing the Complaint for lack of subject matter jurisdiction without prejudice to the filing of an amended complaint within twenty-one (21) days. ECF 4.

On May 8, 2024, JS Freight filed its first amended *Complaint for Breach of Contract* ("**FAC**"). ECF 5. Joseph Cohen (Snow Joe's CEO and registered agent for service) was personally served with the FAC, Summons, and accompanying papers on or about July 2, 2025. ECF 9; *see also*, Lal Decl. ¶ 22.

      **2.** **Entry of Default**

Snow Joe failed to file an answer or to otherwise respond to the Complaint. Accordingly, JS Freight requested entry of Snow Joe's default on September 5, 2024. ECF 14; ECF 14-1; Lal Decl. ¶ 22. The following day, September 6, 2024, the Clerk of Court entered Snow Joe's default. ECF 15.

      **3.** **Subsequent Developments**

Following entry of default, JS Freight's prior counsel filed a Motion for Entry of Default Judgment. ECF 20. This Court raised various defects in that motion, including failure to meet the requirements of Fed. R. Civ. P. ("**Rule**") 55(b)(1) and failure to address the *Eitel* factors, and recommended denial of the motion without prejudice on December 11, 2024 (ECF 21), which was adopted in full on January 3, 2025. ECF 22. Thereafter, JS Freight substituted undersigned counsel as attorney of record, which was approved by this Court on May 2, 2025. ECF 24.

JS Freight now brings the instant Motion to address the defects raised in this Court's Findings and Recommendations and Order and seek entry of default judgment against Snow Joe.

**III.**
**LAW AND ARGUMENT**

Based on the below arguments, the Lal Decl. in support of this Motion, corresponding exhibits, and oral arguments and other evidence presented at or before the hearing on this Motion, JS Freight respectfully asks this Court to grant the requested relief for a default judgment and an

1  award of pre-judgment interest and costs of suit.

2  **A.**    **Legal Standard**

3        Default judgment is a two-step process: (1) entry of default; and (2) entry of default

4  judgment. *Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D. Cal.), *aff'd*, 162 F.3d 1167 (9th

5  Cir. 1998).

6        Rule 55(b)(1) outlines the circumstances under which the Clerk of the Court may enter

7  default judgment. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by

8  computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must

9  enter judgment for that amount and costs against a defendant who has been defaulted for not

10  appearing and who is neither a minor nor an incompetent person." Rule 55(b)(1). Rule 55(b)(2)

11  states that "[i]n all other cases, the party must apply to the court for a default judgment." Rule

12  55(b)(2). "The court may conduct hearings or make referrals—preserving any federal statutory right

13  to a jury trial—when, to enter or effectuate a judgment, it needs to (A) conduct an accounting; (B)

14  determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D)

15  investigate any other matter." *Ibid.*

16        Applications for a default judgment generally require the plaintiff to state: (1) when and

17  against which parties a default has been entered; (2) the pleading upon which the default was

18  entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether they

19  are adequately represented; (4) that the Servicemembers' Civil Relief Act does not apply; and (5)

20  that notice of the application has been served on the defaulting parties, if required. *Adobe Sys. Inc.*

21  *v. Kern*, No. C 09-1076 CW JL, 2009 WL 5218005 *7 (N.D. Cal 2009).

22        Here, all of these requirements are met. Specifically, JS Freight requested entry of default

23  against Snow Joe on September 5, 2024. ECF 14. The Court entered Snow Joe's default on

24  September 6, 2024. ECF 15. As a corporation, Snow Joe is not an infant or an incompetent person

25  and the Servicemembers' Civil Relief Act does not apply.

26        In sum, JS Freight satisfies the preconditions to seeking a default judgment in Rule 55(b).

27  / / /

28  / / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

**B.      The *Eitel* Factors Support Entry of Default Judgment Against Snow Joe and in Favor of JS Freight**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); *see also, Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1329 (7th Cir. 1983); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

In *Eitel v. McCool*, the Ninth Circuit set out seven factors that a court may consider in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); *see also, Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009). "In applying the discretionary standard, default judgments are more often granted than denied." *Maxum Indemnity Co. v. Court Services, Inc.*, No. 2:11-cv-2014-GEB-EFB, 2012 WL 2090473, at *2 (E.D. Cal. June 8, 2012) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). In the present case, consideration of these factors as detailed below weighs strongly in favor of granting a default judgment against Defendant Snow Joe.

**1.      *Eitel* Factor 1: JS Freight Will Be Prejudiced If The Court Declines To Enter Judgment on Snow Joe's Default**

The first *Eitel* factor considers "the possibility of prejudice to the plaintiff[.]" *Eitel*, 782 F.2d at 1471-72. Prejudice is shown where a plaintiff "would be denied the right to a judicial resolution of the claim presented, and would be without recourse for recovery." *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

Here, JS Freight performed services for Snow Joe under its contract from approximately September 27, 2023 to December 12, 2023, totaling $89,569.00. JS Freight only received one

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1   payment of $14,000.00, and as a result, has suffered damages in the amount of $75,569.00 plus

2   interest, attorneys' fees, and costs in bringing this action. If the Court declines to enter default

3   judgment against Snow Joe, JS Freight will have no recourse for the damage suffered by Snow Joe's

4   breach of contract. Accordingly, the first *Eitel* factors supports entry of judgment against Snow Joe

5   in favor of JS Freight.

6       **2.    *Eitel* Factors 2 & 3: JS Freight's Hold Substantive Merit as Expressed in the
            First Amended Complaint**

7

8       The second and third *Eitel* factors relate to "the merits of the plaintiff's substantive claims"

9   and "the sufficiency of the complaint[.]" respectively. *Eitel*, 782 F.2d at 1471-72. A party seeking a

10  default judgment must demonstrate that it is entitled to relief based upon the well-pled facts in its

11  complaint. *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988).

12  "[U]pon default, the factual allegations of the complaint, except those relating to the amount of

13  damages, will be taken as true." *TeleVideo Sys.*, 826 F.2d at 917. "'Once the default is established,

14  a defendant has no further standing to contest the factual allegations of plaintiff's claim for relief.'"

15  *In re SK Foods, LP*, 499 B.R. 809, 834 (Bankr. E.D. Cal. 2013) (emphasis in original) (citing *Taylor*

16  *v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988)); *see also In re McGee*, 359 B.R.

17  764, 771 (B.A.P. 9th Cir. 2006).

18          a.    **The Complaint Establishes That Jurisdiction and Venue are Proper**

19      At the pleading state, allegations of jurisdictional fact need not be proven unless challenged."

20  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (affirming diversity jurisdiction

21  based on allegations made in complaint for purpose of default judgment).

22      Here, the First Amended Complaint establishes that this Court has diversity jurisdiction

23  because Snow Joe was organized in the State of New York and has its principle place of business in

24  the State of New Jersey. *See*, RJN Exhs. 2; Lal Decl. ¶ 3. In contrast, Plaintiff JS Freight was

25  organized in the State of California. RJN, Exh. 1; Lal Decl. ¶ 2. Plaintiff JS Freight has suffered

26  damages exceeding $75,000, exclusive of interests and costs. Lal Decl. ¶¶ 9, 19. Thus, this Court

27  has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(1) because JS Freight and

28  Snow Joe are domiciled in different states and the amount in controversy exceeds $75,000.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1    In addition, this Court has personal jurisdiction over Snow Joe. District courts apply the

2    California long-arm statute (C.C.P. § 410.10) to exercise personal jurisdiction over a nonresident

3    defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.d 797, 800-01 (9th Cir. 2004)

4    ("defendant must have 'minimum contacts' with relevant forum such that exercise of jurisdiction

5    'does not offend traditional notions of fair play and substantial justice.") (quoting *Int'l Shoe Co. v.*

6    *Washington*, 326 U.S. 310, 316 (1945)).

7    Here, Snow Joe has substantial and continuous contacts with California by doing business

8    with and shipping items to customers in California. Lal Decl. ¶ 3. In addition, Snow Joe has availed

9    itself of the rights and benefits of California law through its business dealings with JS Freight, which

10   is located in Fresno County, California. Lal Decl. ¶ 2. Furthermore, the harm from Snow Joe's

11   breach of contract has been sustained in California. *Ibid.*; Lal Decl. ¶¶ 19-20. Venue is proper in the

12   Eastern District of California, Fresno Division, because JS Freight's owners and members are

13   residents of Fresno County. Lal Decl. ¶ 2. Thus, jurisdiction and venue in this case are proper.

14                    b.    **The Complaint Establishes Breach of Contract**

15                          (i)    ***Snow Joe and JS Freight Entered Into a Contract***

16   Generally, the elements for breach of contract are (1) the existence of a contract between the

17   parties; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach of

18   the contract; and (4) damages to plaintiff as a result of the breach. *Harrell v. Cal. State University*,

19   745 F.Supp.3d 922, 945 (N.D. Cal. 2024), citing *Aton Ctr. Inc. v. United Healthcare Ins. Co.*, 93

20   Cal.App.5th 1214, 1230 (2023). The elements of breach of oral contract are identical to those for a

21   written contract. *Stockton Mortg., Inc. v. Tope*, 233 Cal.App.4th 437, 453 (2014). Similarly, "[a]

22   cause of action for breach of implied contract has the same elements as does a cause of action for

23   breach of contract, except that the promise is not expressed in words but is implied from the

24   promisor's conduct." *Yari v. Producers Guild of America, Inc.*, 161 Cal.App.4th 172, 182 (2008);

25   Civ. Code § 1621 ("An implied contract is one, the existence and terms of which are manifested by

26   conduct."). "[B]oth types of contract are identical in that they require a meeting of minds or an

27   agreement [citation]. Thus, it is evident that both the express contract and contract implied in fact

28   are formed upon an ascertained agreement or, in other words, are consensual in nature, the

9

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1   substantial difference being in the mode of proof by which they are established [citation]." *Pacific*

2   *Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 12 Cal.App.5th 200, 215 (2017).

3          The essential elements of a contract in California are "1. Parties capable of contracting; 2.

4   Their consent; 3. A lawful object; and 4. A sufficient cause or consideration." Civ. Code § 1550.

5   "[T]he vital elements of a cause of action based on contract are mutual assent (usually accomplished

6   through the medium of an offer and acceptance) and consideration." *Pacific Bay Recovery*, 12

7   Cal.App.5th at 215 (cleaned up). "Mutual assent is determined under an objective standard applied

8   to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their

9   words and acts, and not in their unexpressed intentions or understandings." *Bustamante v. Intuit,*

10  *Inc.*, 141 Cal.App.4th 199, 208 (2006).

11         As set out in the facts of the FAC, JS Freight and Snow Joe entered into a contract in or

12  around September 2023. FAC ¶ 6, ECF 5. Snow Joe and JS Freight engaged in a routine sales call

13  on or about August 30, 2023. Lal Decl. ¶ 4; FAC ¶ 6. Following that call, JS Freight sent a follow-

14  up email to Snow Joe attaching JS Freight's company packet and providing contact information

15  should Show Joe wish to engage JS Freight as a broker for such services in the future. *Ibid.* Later,

16  on or about September 15, 2023, Snow Joe and JS Freight engaged in another phone call and orally

17  agreed to use JS Freight as a carrier for shipping services, which Snow Joe's General Warehouse

18  Manager confirmed in writing via email on September 18, 2025. Lal. Decl. ¶ 5, Exh. 1 ("Please add

19  JS Freight as a carrier.").

20         Snow Joe's General Warehouse Manager and JS Freight's Senior Account Manager were

21  both parties capable of contracting on behalf of their respective employees. Both mutually agreed

22  that JS Freight would provide shipping services to Snow Joe (the lawful object of their contract) in

23  their September 15, 2023 phone call, which was confirmed in writing by Snow Joe's General

24  Warehouse Manager that same day and evidences mutual assent between the parties for JS Freight

25  to perform shipping services for Snow Joe. Lal Decl. ¶ 5; FAC ¶ 7.

26         In addition, Snow Joe and JS Freight confirmed the net-30 terms by email dated September

27  28, 2023, which were incorporated into Invoices 1-8, further evidencing the parties' mutual assent

28  to their contract. Lal Decl. ¶ 8; Lal Decl. Exh. 12. To the extent Snow Joe's oral and written

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

communications are not deemed to constitute oral or written contracts for JS Freight to perform shipping services for Snow Joe, Snow Joe's conduct, at minimum, exemplifies an implied contract between the parties—both in the form of (a) continuing to request quotes and provide pick up and drop off instructions and (b) making a partial payment to JS Freight in the amount of $14,000 for Invoice 1. *See*, Lal Decl. ¶¶ 7-11; Lal Decl. Exh. 17; FAC ¶ 8.

Over the next several months, (1) Snow Joe sent JS Freight numerous requests for quotes; (2) JS Freight provided quotes in response; (3) Snow Joe accepted those quotes and arranged for pick ups and deliveries; and (4) Snow Joe performed those deliveries as evidenced by the Bills of Lading ("**BOL**") attached to the Complaint. Lal Decl. ¶¶ 6-9, 11-14; *see also*, FAC ¶ 8; FAC Exhs. 1 through 83. Snow Joe's mutual assent to be bound by that contract is further evidenced by its partial payment on Invoice 1 on or about November 30, 2025. Lal Decl. ¶ 15; Lal Decl. Exh. 17; FAC ¶ 8.

In sum, Snow Joe and JS Freight entered into a contract whereby JS Freight would provide shipping services to Snow Joe. JS Freight's services provided to Snow Joe constitute JS Freight's consideration under the contract; likewise, Snow Joe's consideration was the promised payment of the amounts quoted by JS Freight and approved by Snow Joe.

(ii)    ***JS Freight Performed Under the Contract***

As noted above, JS Freight brokered approximately 83 shipments for Snow Joe. FAC Exhs. 1 through 83. Following each shipment, JS Freight generated and issued invoices to Snow Joe, which generally required payment within 30 days of issuance.[4] Lal Decl. ¶ 8; Lal Decl. Exhs. 3 to 11. In total, JS Freight provided shipping services to Snow Joe totaling $89,569.00. Lal Decl. ¶ 9; Lal Decl. Exh. 13; *see also*, Lal Decl. ¶¶ 5-6, Lal Decl. Exhs. 3 to 11. Meanwhile, JS Freight incurred substantial liability to pay its drivers on credit. Lal Decl. ¶ 8; Lal Decl. Exh. 14.

"Although the bill of lading contains default terms allocating liability for freight charges, the Supreme Court's description of the bill of lading as 'the basic transportation contract between the shipper-consignor and carrier,' [Citations], 'did not purport to character to characterize the bill of

---

[4] Invoice 204/206 was not a net-30 invoice and instead required payment "ASAP." Lal Decl. ¶ 8.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1  lading as the exclusive means of creating a contract.'" *C.A.R. Transp. Brokerage Co. v. Darden*

2  *Restaurants, Inc.*, 213 F.3d 474, 479 (9th Cir. 2000) (quoting *S. Pac. Transp. Co. v. Com. Metals*

3  *Co.*, 456 U.S. 336, 342 (1982); *A-Transport Northwest Co. v. United States*, 36 F.3d 1576, 1583

4  (Fed. Cir. 1994)). Here, although the BOLs are marked as pre-paid and do not independently

5  establish the contract reached between JS Freight and Snow Joe, they do provide evidence of JS

6  Freight's performance under the contract established between JS Freight and Snow Joe.

(iii)   <strong><em>Snow Joe Failed to Perform Under the Contract</em></strong>

8       After JS Freight performed its brokering obligations under its contract with Snow Joe, Snow

9  Joe failed to pay JS Freight in full for the services rendered. Lal Decl. ¶¶ 7-9. JS Freight reached out

10  to Snow Joe to remind it of its payment obligations and inquire when payments would be made. Lal

11  Decl. ¶¶ 10, 12-14.  In response, Snow Joe promised that it "made a payment." Lal Decl. ¶ 12.

12  However, in total, Snow Joe only made one partial payment for Invoice 1 in the amount of $14,000,

13  despite $33,150.00 being due and owing at that time. Lal Decl. ¶¶ 9, 13-15. Lal Decl. Exh. 17.

14       Thereafter, Snow Joe continued to submit quote requests to JS Freight and even attempted

15  to increase its volume with JS Freight to 180-200 inter transfer loads, while simultaneously

16  promising that it would be paid within 24 hours of delivery, which implied that Snow Joe would not

17  be able to remit payment to JS Freight sooner. Lal Decl. ¶¶ 13-15, 16-17. However, at this point,

18  Snow Joe had a past due balance of approximately $50,069.00 plus an additional $13,150.00 and

19  $12,350.00 coming due on December 30, 2023 and January 12, 2024, respectively. Lal Decl. ¶ 17.

20  Having already incurred significant debt on credit to pay its drivers, JS Freight was forced to

21  terminate shipping services for Snow Joe based on Snow Joe's failure to perform under the contract.

22  Lal Decl. ¶¶ 17-18.

23       JS Freight continued to request payment of its past due invoices from Snow Joe. Snow Joe

24  did not respond and JS Freight was forced to initiate the instant action.  Accordingly, the second and

25  third *Eitel* factors support entry of default judgment against Snow Joe and in favor of JS Freight.

26       **3.    *Eitel* Factor 4: The Complaint Seeks Damages**

27       The fourth *Eitel* factor concerns "the sum of money at stake in the action." *Eitel*, 782 F.2d

28  at 1471-72. The sum is evaluated in relation to the "seriousness" of the defendant's actions. *Levi*,

12

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO CA 93720

665 F. Supp. 2d at 1097. "The remedy for breach of contract is typically money damages, and 'the amount awarded is determined with the purpose of putting the injured party in as good a position as he would have occupied, had the contract been fully performed by the defendant.'" *Wells Fargo Bank, N.A. v. Darmont Constr. Corp.*, No. 22:0-CV10013-VAP-PDX, 2021 WL 5862170, at *4 (C.D. Cal. July 29, 2021), quoting *Pay Less Drug Stores v. Bechdolt*, 92 Cal.App.3d 496, 501 (1979).

Here, JS Freight seeks damages of $75,569.00, pre-judgment interest according to proof, and reasonable attorneys' fees and costs of suit. FAC Prayer at ¶¶ 1-4. This sum is reasonable and consistent with the damage caused by Snow Joe to JS Freight based on their contract, the payment history between the parties, and the outstanding balance due and owing from Snow Joe. Similarly, since Snow Joe's payments have been delinquent over one year, pre-judgment interest is reasonable and necessary to make JS Freight whole. Given that the amount of damages requested by JS Freight are consistent with the damages it has sustained, the fourth *Eitel* factor favors entry of a default judgment against Snow Joe in favor of JS Freight.

### 4.    *Eitel* Factor 5: The Material Facts Are Undisputed

The fifth *Eitel* factor considers "the possibility of a dispute concerning material facts[.]" *Eitel*, 782 F.2d at 1471-72. "Because all allegations in a well-pleaded Complaint are taken as true after the court clerk enters the default, there is no likelihood that any genuine issue of fact exists." *Maxum Indemnity Co. v. Court Services, Inc.*, 2012 WL 2090473 at *4 (E.D. Cal. 2012) (quoting *Elektra Entm't Grp. Inc.*, 226 F.R.D. at 398).

Here, as discussed above, the facts in the Complaint are taken as true. In addition, Snow Joe has declined to defend itself in this action—presumably, it clearly contracted with JS Freight for shipping services and failed to pay for the vast majority of such services.

### 5.    *Eitel* Factor 6: Snow Joe Has Had Ample Opportunity To Defend Itself But Failed To Do So

The sixth *Eitel* factor considers "whether the default was due to excusable neglect[.]" *Eitel*, 782 F.2d at 1472.

/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Here, as described in the accompanying Declarations, Snow Joe was served with the summons, First Amended Complaint, and related documents via personal service on Snow Joe's CEO and Registered Agent for Service of Process, Joseph Cohen, on July 2, 2024. ECF 9. In addition, Snow Joe was served with JS Freight's Request for Entry of Default on September 4, 2024. ECF 14, 14-1. Furthermore, Snow Joe will be served with a copy of the instant Motion.

At any time during these proceedings, Snow Joe could have made an appearance, moved to set aside its default, contacted undersigned counsel, done anything at all to defend itself in this action and avoid this judgment, including by satisfying its underlying payment obligations to JS Freight to resolve this dispute. Snow Joe did none of these things.

Snow Joe has had ample time to present a defense in this case—nearly 16 months since this case was filed. To date, there is no indication that Snow Joe did not receive any of these documents. There is no indication that its failure to appear and present an answer is due to excusable neglect. Accordingly, the sixth *Eitel* factor supports entry of default judgment against Snow Joe and in favor of JS Freight.

### 6.    *Eitel* Factor 6: Federal Policy Favoring Decisions on the Merits Do Not Weigh Against Entry of Default Judgment Here

The seventh *Eitel* factor considers the strong policy expressed in the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. However, the preference for deciding cases on the merits is not dispositive on a motion for entry of a default judgment. *Velasco v. Mis Amigos Meat Market, Inc.*, 2013 WL 5755054, at *11 (E.D. Cal. 2013); *Adobe Systems*, 2009 WL 5218005 at *8. Consideration of this factor does not weigh against entry of a default judgment where a defendant's conduct makes a decision on the merits impractical. *State Farm Life Ins. Co. v. Canul*, 2012 U.S. Dist. 50313, *4 (E.D. Cal. 2012). Where a defendant's failure to appear "makes a decision on the merits impracticable, if not impossible," entry of default judgment is warranted. *Levi*, 665 F. Supp. 2d 108 1098 (N.D. Cal. 2009).

Here, as noted above, Snow Joe has not appeared in this action despite being served with the summons and complaint, the First Amended Complaint, the request for entry of default judgment, the first motion for entry of default judgment, the findings and recommendations re first motion,

SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14
NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

and the order denying the first motion. Snow Joe will be served with this motion and findings and recommendations for this motion. Snow Joe's failure to appear and answer has made a determination on the merits impossible.

Conversely, JS Freight has rendered services without payment totaling $75,569.00. Lal Decl. ¶ 19. JS Freight has been harmed and will be prejudiced if a default judgment is not entered. JS Freight established the elements for breach of contract in the Complaint with documents attached hereto incorporated by reference into the Complaint. JS Freight has adequately laid out the facts, demonstrated a likelihood of success on the merits, and requests damages and reasonable fees and costs to combat the harm caused by Snow Joe. Based on Snow Joe's failure to appear and answer, there is no possibility of a dispute concerning the material facts, nor is there a possibility of excusable neglect in failing to answer the complaint. While public policy does generally favor deciding a case on the merits, once again, Snow Joe's actions and omissions have made that impossible. As such, JS Freight respectfully urges the Court to enter default judgment against Snow Joe for its breach of contract with JS Freight, as set forth in JS Freight's attached Proposed Final Judgment.

## C.    Plaintiff is Entitled to Pre-Judgment Interest

"For federal cases sitting in diversity, 'state law determines the rate of prejudgment interest . . . .'" *Zagarian v. BMW of N. Am.*, 442 F. Supp. 3d 1216, 1222 (C.D. Cal. 2020), quoting *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). Under California law, California Civil Code § 3827 governs recovery of prejudgment interest.

### 1.    Under Civ. Code § 3287(a), Plaintiff is Entitled to Prejudgment Interest on Invoices 1-8 as of the Date the Invoices Became Past Due

Civil Code § 3287(a) pertains to mandatory prejudgment interest and provides that "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." Civ. Code § 3287(a).

"Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Duale v. Mercedes-Benz USA, LLC*, 148 Cal.App.4th 718, 729 (2007), quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal.App.3d 1154, 1173 (1991). "Where the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." *Id.*, citing *Children's Hosp. v. Bonta*, 97 Cal.App.4th 740, 774 (2002); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.")

Here, Invoices 1-8 were each net-30 day invoices requiring payment 30 days after issuance. Lal Decl. Exhs. 4 to 11; *see also*, Exh. 13. As a result, JS Freight was entitled to recover compensatory damages for the amount of each invoice the day after each became past due. Snow Joe was aware of and could ascertain the amount it would owe JS Freight in damages if it failed to pay the invoices and was apprised multiple times that such payments were past due and owing.

### 2. Under Civ. Code § 3287(b), this Court Has Discretion to Award Prejudgment Interest on Invoice 204/206 as of the Date This Action Was Filed.

Similarly, subsection (b) provides that "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." Civ. Code § 3287(b).

Although JS Freight's right to recover on Invoice 204/206 (Lal Decl. Exh. 3) was not vested in JS Freight on a particular date, JS Freight is now entitled to a judgment for damages based on its breach of contract cause of action and this Court has discretion to award JS Freight interest on the damages for Snow Joe's breach from a date prior to the entry of judgment, but in no event earlier than the date the action was filed. Courts have considered following factors when determining whether to exercise discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment; (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute or recognize that the plaintiff incurred "an additional amount of damage as a result of the breach; and (3) whether the plaintiff made settlement offers such that the defendant's refusal

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1  to settle could be construed as "placing the prejudgment interest amount at risk." *Zagarian*, 442 F.

2  Supp. 3d at 1222, quoting *Forouzan v. BMW of N. Am., LLC*, No. CV-1-73875-DMG-GJSX, 2019

3  WL 856395, at *3 (C.D. Cal. Jan. 11, 2019); *see also*, *A&M Produce Co. v. FMC Corp.*, 135

4  Cal.App.3d 473 (1982).

5       As to the first factor, although approximately 16 months have passed since the lawsuit was

6  filed, JS Freight encountered difficulties getting the instant Motion filed, which necessitated

7  substituting counsel. Although this factor may weigh against prejudgment interest in part, JS Freight

8  would be entitled to post-judgment interest had a default judgment against Snow Joe been entered

9  sooner. As to the second factor, Snow Joe has not appeared in or otherwise defended this action at

10 all. Thus, Snow Joe is not penalized for litigating a bona fide dispute. Instead, JS Freight has

11 continued to suffer damage in the form of interest on the debt it incurred to pay its carriers. The third

12 and final factor appears to be inapplicable since Snow Joe has not appeared in or defended against

13 this action. However, JS Freight attempted to resolve this issue in late 2023 and early 2024 when it

14 requested Snow Joe pay the outstanding invoices.

15      Based on the harm suffered by JS Freight for Snow Joe's breach of contract and failure to

16 pay, JS Freight respectfully requests this Court exercise its discretion to award JS Freight

17 prejudgment interest on Invoice 204/206 from the date this action was filed April 10, 2024, to the

18 date of entry of judgment in this matter.

19      **3.      Prejudgment Interest Calculation**

20      Here, as noted above, JS Freight incurred substantial debt at a rate of 18% interest to pay its

21 carriers based on its good faith belief that it would receive prompt payment from Snow Joe. Lal

22 Decl. ¶ 20. Since "the amount [of breach of contract damages] awarded is determined with the

23 purpose of putting the injured party in as good a position as he would have occupied, had the contract

24 been fully performed by the defendant," *Pay Less Drug Stores*, 92 Cal.App.3d at 501, JS Freight

25 would only be made whole if it were awarded 18% prejudgment interest to fully compensate it for

26 both the value of the promised performance and consequential damages, including indirect and

27 additional losses incurred for the breach. At 18%, aggregate prejudgment interest would total

28 $23,547.80 from the date of the breach for Invoices 1-8, or from the date this action was filed for

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1    Invoice 204/206, to the date of the hearing on this Motion. Wade Decl. ¶ 2.

2         However, under California law, prejudgment interest at a rate of "ten percent per annum is
3    properly awarded where prejudgment interest is available based on a breach of contract action unless
4    another rate is specified in the contract." *Ameris Bank v. Soorma Trucking LLC*, No. 8:24-CV-02021
5    RGK (JDEX), 2025 WL 71081, at *2 (C.D. Cal. Jan. 8, 2025); *see also*, Civ. Code § 3289(b) ("If a
6    contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation
7    shall bear interest at a rate of 10 percent per annum after a breach."). If the Court is not inclined to
8    award 18% prejudgment to fully compensate JS Freight for the direct and indirect harm suffered
9    from Snow Joe's breach of contract, then JS Freight requests this Court award prejudgment interest
10   at a rate of 10%, which would total $12,137.93 in the aggregate. Wade Decl. ¶ 3.

11        Finally, some federal courts apply the post-judgment interest formula in 28 U.S.C. § 1961
12   using the 52-week Treasury bill rate compounded annually. *See, e.g., Golden State Transit Corp. v.*
13   *City of Los Angeles*, 773 F. Supp. 204, 218-19 (C.D. Cal. 1991) (awarding prejudgment interest
14   using the 52-week Treasury bill rate compounded annually); *W. Pac. Fisheries*, 730 F.2d 1280, 1288
15   (9th Cir. 1984) (Treasury bill rate appropriate for prejudgment interest "unless the trial judge finds,
16   on substantial evidence, that the equities of the particular case require a different rate."); *cf.* 28
17   U.S.C. § 1961 (52-week Treasury bill rate used for calculating post-judgment interest). Under this
18   rate, aggregate prejudgment interest is $5,625.06 with a variable average T-bill rate for each invoice
19   from the day it became delinquent. Wade Decl. ¶ 4.

20        Here, the equities of this case require an interest rate in excess of the average Treasury bill
21   rate. As shown in the Lal Declaration, JS Freight was forced out of business because Snow Joe
22   failed to pay JS Freight as promised. Lal Decl. ¶¶ 2 fn.1, 17-19, 21. JS Freight performed under
23   the agreement by transporting at least 83 delivered. *Id.* ¶ 9; Lal Decl. Exh. 13; FAC Exhs. 1-83.
24   Believing that Snow Joe's payment to JS Freight was imminent, JS Freight relied to its detriment
25   on Snow Joe by incurring substantial debt at 18% to pay its carriers. *E.g.*, Lal Decl. ¶¶ 10, 20, Lal
26   Decl. Exh. 14. With interest, that debt now it's the amount of the delinquency owed by Snow Joe
27   to JS Freight. Lal Decl. ¶ 20; Lal Decl. Exhs. 18, 19. Based on this evidence, fairness and justice
28   support an award of 18% prejudgment interest to make JS Freight whole. In the alternative, an

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1 | award of 10% interest under Cal. Civ. Code § 3289(b) would partially rectify the harm JS Freight

2 | has suffered through Snow Joe's failure to perform its obligations under its agreement with JS

3 | Freight. Accordingly, JS Freight submits that the equities in this case, demonstrated by substantial

4 | evidence, warrants this Court deviating from the Treasury bill rate for calculating prejudgment

5 | interest.

6 |

**IV.**
**CONCLUSION**

7 |

8 | For these reasons, JS Freight respectfully requests this Court enter default judgment against

9 | Defendant Snow Joe in the form of the *[Proposed] Order* lodged herewith.

10 | Respectfully submitted,

11 | Dated: June 26, 2025                McCORMICK, BARSTOW, SHEPPARD,

12 |                                     WAYTE & CARRUTH LLP

13 |

14 | By: _____

15 | David L. Emerzian
       Garrett J. Wade

16 | Attorneys for Plaintiff,
       JS FREIGHT LLC

17 |

18 | 042134-000002 11631148.1

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
SNOW JOE LLC, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES