1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JS FREIGHT LLC,                          Case No.  1:24-cv-00430-JLT-BAM

12                     Plaintiff,              **FINDINGS AND RECOMMENDATIONS**
                                               **REGARDING PLAINTIFF'S MOTION**
13          v.                                 **FOR DEFAULT JUDGMENT**

14    SNOW JOE LLC,                            (Doc. 25)

15                     Defendant.             **FOURTEEN (14) DAY DEADLINE**

16

17          Currently pending before the Court is Plaintiff JS Freight LLC's ("Plaintiff" or "JS

18    Freight") motion for default judgment against Defendant Snow Joe LLC ("Defendant" or "Snow

19    Joe"). (Doc. 25.)  The motion was referred to the undersigned pursuant to 28 U.S.C. §

20    636(b)(1)(B) and Local Rule 302.  Defendant did not file an opposition to the motion, and the

21    time in which to do so has passed. L.R. 230(c) ("Opposition . . . to the granting of the motion

22    shall be in writing and shall be filed and served no later than fourteen (14) days after the motion

23    was filed".)

24          The Court finds this matter suitable for decision without oral argument.  L.R. 230(g).

25    Having considered the moving papers and the record in this action, and for the reasons that

26    follow, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED.

27    Further, the Court RECOMMENDS that to the extent Plaintiff requests attorneys' fees and costs

28    herein, the request is DENIED without prejudice, and to the extent that Plaintiff wishes to seek

                                               1

1    attorneys' fees and costs, Plaintiff is ORDERED to submit supplemental briefing on the issue of

2    attorneys' fees and costs no later than 30 days after the date this judgment is entered

### I.    FACTUAL BACKGROUND

4    Plaintiff JS Freight is a limited liability company incorporated in California.  (Doc. 5 ¶ 1.)

5    Defendant Snow Joe is a limited liability company incorporated in New Jersey.  (*Id.* ¶ 3.)

6    Plaintiff alleges that in September 2023, it contacted Defendant via a sales call, during

7    which Defendant orally agreed to use JS Freight as a broker for carrier services. (*Id.* ¶¶ 6, 12.)

8    Defendant accepted Plaintiff's quote and sent several driving routes.  (*Id.* ¶ 6.)  From September

9    21, 2023 to December 12, 2023, Plaintiff completed several shipping loads for Defendant.  (*Id.* ¶

10   7.)  At the completion of each delivery, the receiving shipper provided a Bill of Lading to the

11   carrier that indicated a completed delivery, noting the type of goods shipped, the delivery origin,

12   and ending destination.  (*See* Doc. 5, Exs. 1-83.)  Plaintiff maintains that Defendant failed to

13   make required payments on outstanding invoices.  (*Id.* ¶¶ 8-9.)  According to Plaintiff, despite

14   "multiple attempts to gain payment," Defendant has failed and continues to refuse to pay the

15   $75,569 that it owes on the outstanding invoices.  (*Id.* ¶ 8.)  Plaintiff further alleges that "[d]ue to

16   the nonpayment from SNOW JOE, Plaintiff has been forced to close their business, lay off

17   employees, max out all lines of credit and loss of wages."  (*Id.* ¶ 9.)

18   Plaintiff brings a claim for breach of contract against Defendant and seeks $75,569 in

19   damages, pre-judgment interest, and attorney's fees and costs.  (*Id.* at 15.)

### II.    PROCEDURAL BACKGROUND

21   On April 10, 2024, Plaintiff filed this action alleging a breach of contract by Defendant

22   due to Defendant's failure to fully pay for the services rendered by Plaintiff.  (Doc. 1.)  On April

23   17, 2024, District Judge Jennifer L. Thurston issued an order dismissing the matter without

24   prejudice due to lack of subject matter jurisdiction and permitting Plaintiff to file an amended

25   complaint. (Doc. 4.)  Plaintiff filed its First Amended Complaint ("FAC") on May 8, 2024, which

26   was served on Defendant on July 2, 2024, by means of personal service.  (Docs. 5, 9.)

27   On July 10, 2024, the Court convened a status conference to address service of process.

28   Plaintiff's counsel noted that Plaintiff had filed a proof of service on July 9, 2024, which showed

1   personal service upon Defendant by personal service upon Snow Joe CEO Joseph Cohen. (Doc.

2   11.)  At the hearing, Plaintiff's counsel stated that Joseph Cohen was the agent for service of

3   process for Defendant.  (*Id*.)  On September 5, 2024, the Clerk of the Court entered default

4   against Defendant.  (Doc. 15.)

5       On November 18, 2024, Plaintiff filed a Motion for Default Judgment.  (Doc. 18.)  The

6   Court directed Plaintiff to file an amended motion for default judgment that complied with Rule

7   55(b). (Doc. 19.)  Plaintiff subsequently filed a Motion for Default Judgment on November 26,

8   2024. (Doc. 20.)  On December 11, 2024, the Magistrate Judge issued Findings and

9   Recommendations to deny the motion on the basis that (1) Plaintiff did not include the requisite

10  affidavit showing the amount due that Fed. R. Civ. P. 55(b)(1) requires, and (2) Plaintiff

11  addresses none of the factors which may be considered by courts in exercising discretion as to the

12  entry of a default judgment under *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

13  (Doc. 21.)  On January 3, 2025, Judge Thurston adopted the Magistrate Judge's Findings and

14  Recommendations in full and denied Plaintiff's Motion for Default Judgment.  (Doc. 22.)

15      On June 27, 2025, Plaintiff filed a second Motion for Default Judgment against Defendant

16  and supporting memorandum (Doc. 25), Declaration of Vishal Lal in support of the Motion for

17  Default Judgment (Doc. 26), Declaration for Garrett Wade in support of the Motion for Default

18  Judgment (Doc. 27), Request for Judicial Notice in support of the Motion for Entry of Default

19  Judgment (Doc. 28), and Proposed Orders for the Motion for Entry of Default Judgment (Docs.

20  29, 30.)  Defendant was served with the motion papers on the same day via mail.  (Doc. 30.)

21  **III.    LEGAL STANDARD**

22      Federal Rule of Civil Procedure ("Rule") 55(b)(1) outlines the circumstances under which

23  the clerk of the court may enter default judgment.  "If the plaintiff's claim is for a sum certain or a

24  sum that can be made certain by computation, the clerk—on the plaintiff's request, with an

25  affidavit showing the amount due—must enter judgment for that amount and costs against a

26  defendant who has been defaulted for not appearing and who is neither a minor nor an

27  incompetent person."  Fed. R. Civ. P. 55(b)(1).  Rule 55(b)(2) states that in "all other cases, the

28  party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "The court may

1 conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when,

2 to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount

3 of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other

4 matter." *Id*. "Upon default, the well-pleaded allegations of a complaint relating to liability are

5 taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319,

6 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

7      Factors which may be considered by courts in exercising discretion as to the entry of a

8 default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of

9 plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in

10 the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

11 due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

12 Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

13 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

14 **IV.    DISCUSSION**

15          **A.  Service of Process**

16      In deciding whether to grant or deny a default judgment, a court should assess the

17 adequacy of the service of process on the party against whom default is requested. *See, e.g.,*

18 *Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388 at *4 (E.D. Cal.

19 Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before

20 evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes &*

21 *Accessories*, No. 10-5151 SC, 2011 WL 1483436 at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v.*

22 *Check Resolution Service, Inc.*, No. 1:10-cv-00716-AWI-GSA, 2010 WL 5200912 at *2 (E.D.

23 Cal. Dec. 15, 2010).

24      Rule 4 sets forth the requirements for serving a corporation, partnership, or association

25 within a judicial district of the United States.  Pursuant to Rule 4(h), a domestic corporation, or a

26 partnership or other unincorporated association that is subject to suit under a common name, may

27 be served by following state law for service of a summons on an individual or by delivering a

28 copy of the summons and complaint to an officer or agent and by a mailing a copy of each to the

4

defendant. Fed. R. Civ. P. 4(h)(1). In California, a corporation may be served by delivery to the person designated as an agent for service of process, or to the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10.

According to the New Jersey Secretary of State, Defendant designated Defendant's Chief Executive Officer, Joseph Cohen, 221 River St, 13th Floor, Hoboken, NJ 07030, as its registered agent for service of process. (*See* Doc. 28 at 10.) The Court therefore finds that Plaintiff properly served Defendant Snow Joe pursuant to Rule 4(h) by serving its registered agent for service of process. (*See* Docs. 9, 30.) *See Fudy Printing Co. v. Aliphcom, Inc.*, No. 17-CV-03863-JSC, 2019 WL 2180221, at *2 (N.D. Cal. Mar. 7, 2019), *report and recommendation adopted*, No. 17-CV-03863-VC, 2019 WL 2180213 (N.D. Cal. Apr. 3, 2019) (finding preliminary requirement of service of process satisfied where plaintiff served summons and complaint on incorporated entity by personally serving its registered agent for service of process).

The current motion has also been served on Defendant. On June 27, 2025, a copy of (1) the Notice of Motion, Motion for Entry of Default Judgment Against Defendant Snow Joe LLC, and Supporting Memorandum of Points and Authorities, (2) Request for Judicial Notice, (3) Declaration of Vishal Lal, (4) Declaration of Garrett Wade, and (5) Proposed Order Granting Motion for Entry of Default Judgment were served on Snow Joe LLC by mail, c/o Joseph Cohen at 221 River St., 13th Floor, Hoboken, NJ 07030. (Doc. 30.) Defendant has not filed any response to the motion.

**B. The *Eitel* Factors Weigh in Favor of Default Judgment**

1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Plaintiff contends that it brokered shipping and transport services for Defendant from August 2023 to December 2023 totaling $89,569.00. (Doc. 25 at 7.) Plaintiff provides that it only received one payment of $14,000.00 and states that it has suffered damages in the amount of $75,569.00 plus interest, attorneys' fees,

1    and costs in bringing this suit.  (*Id.* at 11.)

2          Generally, where default has been entered against a defendant, a plaintiff has no other

3    means by which to recover against that defendant.  *Id.*; *Moroccanoil, Inc. v. Allstate Beauty*

4    *Prods.*, 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012).  Plaintiff argues that if the Court declines

5    to enter judgment, it will have no recourse for its breach of contract damages.  (Doc. 25 at 8.)

6    Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted.

7          This factor weighs in favor of default judgment.

8                    2.   Merits of Plaintiff's Claims and Sufficiency of the FAC

9          The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a

10   claim on which [they] may recover."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.  Notably a

11   "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

12   *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal citation omitted).

13                           *a)  Breach of Contract*

14         "Under California law, the elements of a breach of contract claim are: '(1) the existence of

15   the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach

16   and (4) the resulting damages to the plaintiff.'"  *Fudy Printing Co.*, 2019 WL 2180221, at *3

17   (citing *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)).  Here, accepting the

18   FAC's factual allegations as true, the parties entered into a valid oral contract on or about

19   September 2023 wherein Plaintiff agreed to act as a broker for carrier services and Defendant

20   agreed to pay.  (Doc. 5 ¶¶ 6-7.)  Plaintiff performed on its portion of the contract until December

21   12, 2023.  (*Id.* ¶ 7.)  Defendant breached the contract when it stopped paying the outstanding

22   invoices, leaving an outstanding balance of $75,569.  (*Id.* ¶¶ 8-10, 14.)   These allegations are

23   legally sufficient to entitle Plaintiff to judgment against Defendant on the breach of contract

24   claim.  *See Fudy Printing Co.*, 2019 WL 2180221, at *3; *Paramount Citrus Co-op., Inc. v. H & M*

25   *Produce Inc.*, No. 1:08-cv-01210-AWI-SMS, 2008 WL 4716764, at *5 (E.D. Cal. Oct. 24, 2008),

26   *report and recommendation adopted*, No. 1:08CV01210-AWI-SMS, 2008 WL 5389711 (E.D.

27   Cal. Dec. 24, 2008) (citing Cal. Civ. Code §§ 1550 et seq.) ("the Court notes that Plaintiff has

28   alleged the contract, its performance of the contract, [Defendant's] breach of the contract, and

1   damages. This is legally sufficient to entitle the Plaintiff to judgment against [Defendant] on the

2   claim for breach of contract.")

3          These factors therefore weigh in favor of default judgment.

4                      3.   The Sum of Money at Stake in the Action

5          Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at

6   stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F Supp.2d at

7   1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal.

8   2003). "When the money at stake is substantial, default judgment is discouraged." *Bd. of Trs. v.*

9   *Core Concrete Constr., Inc.*, No. 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012)

10  (internal citation omitted). However, when "the sum of money at stake is tailored to the specific

11  misconduct of the defendant, default judgment may be appropriate." *Id.* (internal citation

12  omitted). "In determining whether the amount at stake is reasonable, courts consider a plaintiff's

13  declarations, calculations, and other documentation of damages." *Fudy Printing Co.*, 2019 WL

14  2180221, at *4.

15         Plaintiff requests $75,569, which represents the sum of invoices for services that Plaintiff

16  provided and that Defendant did not pay for. (Doc. 5 ¶ 8.) Plaintiff's request is reasonable,

17  supported by undisputed allegations in the FAC, declarations, and submitted documentation.

18  Additionally, the sum "flows directly from [Defendant's] breach of contract." *Fudy Printing Co.*,

19  2019 WL 2180221, at *5.

20         This factor therefore weighs in favor of default judgment.

21                      4.   The Possibility of a Dispute Concerning Material Facts

22         Following the Clerk's entry of default, the Court may assume the truth of well-pled facts

23  in the FAC and, thus, there is no likelihood that any genuine issue of material fact exists. *Dundee*

24  *Cement Co.*, 722 F.2d at 1323; *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. Further, Defendant's

25  failure to file an answer in this case or a response to the instant motion supports the conclusion

26  that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc.*

27  *v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded

28  complaint are taken as true after the court clerk enters default judgment, there is no likelihood that

1  any genuine issue of material fact exists.")  Furthermore, Plaintiff properly served Defendant's

2  registered agent for service of process with the FAC and Motion for Default Judgment, but

3  Defendant failed to appear and respond to the FAC or to this motion.  *See Fudy Printing Co.*,

4  2019 WL 2180221, at *5 ("The record reflects [Defendant's] silence despite opportunities to

5  respond, so there is little possibility of a dispute of material facts.")

6         This factor therefore weighs in favor of default judgment.

7                    5.   Whether the Default Was Due to Excusable Neglect

8         The sixth *Eitel* factor considers the possibility that Defendant's default resulted from

9  excusable neglect.  *PepsiCo, Inc.*, 238 F.Supp.2d at 1177.  Courts have found that where a

10  defendant was "properly served with the complaint, the notice of entry of default, as well as the

11  paper in support of the [default judgment] motion," there is no evidence of excusable neglect.

12  *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

13         Upon review of the record, the Court finds that the default was not the result of excusable

14  neglect.  As discussed above, Defendant was properly served with the FAC and the Motion for

15  Default Judgment.  (Docs. 9, 30.)  Despite service, Defendant has not appeared. Thus, the record

16  suggests that Defendant has chosen not to participate in this action, and not that the default

17  resulted from any excusable neglect.

18         This factor weighs in favor of the entry of a default judgment.

19                    6.   The Strong Policy Favoring Decisions on the Merits

20         "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782

21  F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

22  alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

23  *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694

24  F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy

25  favoring decisions on the merits, that policy is unavailable here because Defendant has not

26  responded.

27         This factor does not weigh against entry of default judgment.

28  //

8

## V.    DAMAGES

### A.  Principal Damages

Plaintiff has rendered services without payment totaling $75,569.00.  (Doc. 5 at 8.)
Plaintiff has established that it is entitled to default judgment under Rule 55(b).  Thus, Plaintiff is
entitled to judgment for the amount of $75,569.00.

### B.  Pre-judgment Interest

Plaintiff also seeks pre-judgment interest.  First, Plaintiff argues that it is entitled to a rate
of 18% pre-judgment interest under Cal. Civ. Code § 3289(a) ("Any legal rate of interest
stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is
superseded by a verdict or other new obligation.").  (Doc. 25 at 23-25.)  Plaintiff argues that it
"incurred substantial debt at a rate of 18% interest to pay its carriers based on its good faith belief
that it would receive prompt payment from Snow Joe," and that it "would only be made whole if
it were awarded 18% prejudgment interest to fully compensate it for both the value of the
promised performance and consequential damages, including indirect and additional losses
incurred for the breach."  (*Id.* at 24.)

Alternatively, Plaintiff argues that if the Court is not inclined to award an 18% rate of pre-
judgment interest, it is entitled to a rate of 10% pre-judgment interest under Cal. Civ. Code §
3289(b) ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of
interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.")  (Doc.
25 at 18.)

Here, Plaintiff adequately states the amount of pre-judgment interest it is seeking,
suggests the date when the interest began accruing, and otherwise explains how the court should
calculate such interest.  *Diamondstar Ent. Holdings, LLC v. THH, LLC*, 641 F. Supp. 3d 849, 870
(C.D. Cal. 2022) (internal quotation marks and citation omitted).  (Doc. 25 at 23-25.)  As the
damages here are made certain by calculation, the Court finds that Plaintiff is entitled to pre-
judgment interest at a rate of 10% per annum from the time of the breach, which is the date the
invoice became due and payable through the date that this judgment is entered, and compounded

annually.  (Doc. 27 ¶¶ 3, 7.)[1]  *See Baltimore Aircoil Co., Inc. v. Solitaire Overseas*, No. 1:22-CV-00952-KES-BAM, 2024 WL 1598885, at *7 (E.D. Cal. Apr. 12, 2024), *report and recommendation adopted*, No. 1:22-CV-00952-KES-BAM, 2025 WL 958390 (E.D. Cal. Mar. 31, 2025) (finding same).

### C.  Attorneys' Fees and Costs

Plaintiff's Motion states that Plaintiff seeks damages of $75.569.00, pre-judgment interest according to proof, and reasonable attorneys' fees and costs of suit.  (Doc. 25 at 20.)  The Motion does not include further argument relating to Plaintiff's request for attorneys' fees.  To the extent that Plaintiff wishes to seek attorneys' fees and costs, Plaintiff is ordered to submit supplemental briefing on the issue of attorneys' fees and costs.

## VI.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Default Judgment (Doc. 25) be GRANTED.  Accordingly, the Court RECOMMENDS that:

    A.  Default judgment be entered in favor of Plaintiff JS Freight LLC and against Defendant Snow Joe LLC;

    B.  Plaintiff be awarded damages in the principal sum amount of $75,569.00;

    C.  Plaintiff be awarded pre-judgment interest on the principal sum amount pursuant to Cal. Civ. Code § 3289(b), to be calculated at a rate of 10% annually from the date the invoice became due and payable, until the date this judgment is entered;

    D.  Plaintiff's request for attorneys' fees and costs is DENIED without prejudice, and to the extent that Plaintiff wishes to seek attorneys' fees and costs, Plaintiff is ORDERED to submit supplemental briefing on the issue of attorneys' fees and costs no later than 30 days after the date this judgment is entered; and

---

[1] Plaintiff's Declaration of Garrett J. Wade, submitted in support of Plaintiff's Motion for Default Judgment, (Doc. 27) calculates the amount of pre-judgment interest from the date the invoice is due and payable through August 1, 2025, compounded annually.  (Doc. 27 ¶¶ 3, 7.)  August 1, 2025 was selected because it was the anticipated date of the hearing of this motion.  (*See* Doc. 32.)  The Court revises this calculation to be calculated at a rate of 10% annually from the date the invoice became due and payable, until the date this judgment is entered.  *See Phillips 66 Co. v. Grainer*, No. 1:13-CV-1890 LJO-BAM, 2015 WL 3797396, at *6 (E.D. Cal. June 18, 2015).

1    Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations

2  to Defendant at the address of Defendant's registered agent for service of process.

3    These Findings and Recommendations will be submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

5  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

6  file written objections with the court.  The document should be captioned "Objections to

7  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

8  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

9  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

10 **limit may not be considered.**  The parties are advised that failure to file objections within the

11 specified time may result in the waiver of the "right to challenge the magistrate's factual

12 findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

13 *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

15 IT IS SO ORDERED.

16  Dated:   **October 20, 2025**            /s/ *Barbara A. McAuliffe*

17                      UNITED STATES MAGISTRATE JUDGE